UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF NEW YORK
---------------------------------------------------------------------------X
TONIA DANIELS,

Plaintiff,

7:25-cv-2196(CS)

against-

**STIPULATION AND PROTECTIVE ORDER**

THE ARLINGTON CENTRAL SCHOOL DISTRICT OF NEW YORK

Defendant.
------------------------------------------------------------------------------X

**WHEREAS**, the plaintiff, TONIA DANIELS, and defendant, THE ARLINGTON CENTRAL SCHOOL DISTRICT OF NEW YORK, may make demands of each other in the course of discovery for certain documents and/or information that the parties consider to be confidential, including: (1) documents concerning complaints made by parents of current and former Arlington Central School District students concerning Plaintiff; and (2) personal identifying information of individuals employed by the Arlington Central School District including information regarding those individuals' gender identity and/or gender expression;

**IT IS HEREBY STIPULATED AND AGREED,** by and between the attorneys for the plaintiff and the defendant in this action, that the following provisions shall govern the exchange of confidential information in this matter:

1. Counsel for any party may designate any document, information contained in a document, information revealed in a discovery response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the personally identifiable information and privacy interests of and/or sensitive personal information about nonparties, including but not limited to, parents of current and former Arlington

Central School District students and current or former employees of the Arlington Central School District. Information and documents designated as confidential are to be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "Confidential Information."

2. Unless ordered by the court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3. In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

4. Information or documents designated as "Confidential" shall not be disclosed to any person except:

a. The requesting party, defined as the plaintiff and/or any defendants, and counsel, including in-house counsel;

b. Employees of such counsel assigned to and necessary to assist in the litigation;

c. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court), or the court reporter at any deposition session not employed by the Court, or the jury at trial or as exhibits to motions.

d. Subject to the condition set forth in Paragraph 6 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

e. Subject to the condition set forth in Paragraph 6 below: any person from who testimony is taken or is to be taken in this action, except that such a person may only be shown

Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

f. The defendants' insurance company, including New York Schools Insurance Reciprocal.

5. Prior to disclosing or displaying Confidential Information to any person, counsel shall:

a. inform the person of the confidential nature of the information or documents;

b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(d), (e), and (f) only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after that close of discovery or fourteen (14) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation any applicable rules of court) and shall be

kept under seal until further order of the Court. To the extent that the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

9. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

10. This Stipulation may be executed in multiple counterparts.

The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

Dated: May 22, 2026

LAW OFFICE OF JILLIAN T. WEISS, PC

By: Jillian T. Weiss
Attorney for Plaintiff
242 Main Street, No. 304
Beacon, New York 12508
(845) 709-3237

SILVERMAN & ASSOCIATES

By: Caroline B. Lineen
Attorneys for Defendant
445 Hamilton Ave., Suite 1102
White Plains, New York 10601
(914) 574-4510

**SO ORDERED:**

SO ORDERED.

Cathy Seibel
CATHY SEIBEL, U.S.D.J.



7/8/26

**EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Tonia Daniels v. Arling Central School District of New York*, Unites States District Court Southern District of New York, Docket No. 7:25-CV-2196(CS)4813, have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_________________________________ DATED: _____________________________

Signed in the presence of:

______________________________
(Attorney)